UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| M.A.R.S. CLEANING SERVICES, LLC | § | CIVIL ACTION NO. 2:19-cv-02354 |
| | § | |
| v. | § | SECTION "T" |
| | § | JUDGE GREG G. GUIDRY |
| TERREBONNE PARISH | § | |
| CONSOLIDATED GOVERNMENT | § | DIVISION "2" |
| | § | MAGISTRATE JUDGE JOSEPH C. |
| | § | WILKINSON, JR. |

## DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE SURREPLY

"[S]urreplies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 Fed. App'x 749, 751 n.2 (5th Cir. 2014) (quoting *Weems v. Hodnett*, No. 10-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)). Further, the Local Rules for the Eastern District of Louisiana do not contemplate the filing of surreplies and, where motions are concerned, instead address only supporting, opposing, and reply memoranda. LR 7.7.

Recognizing that surreplies "often amount to little more than a strategic effort by the nonmovant to have the last word on a matter," the Western District of Louisiana, whose local rules also do not contemplate surreplies, held that "it is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought." *Weems v. Hodnett*, No. 10-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011). As the court noted in *Weems v. Hodnett*, the type of exceptional or extraordinary circumstances that most courts require to allow surreplies "happen perhaps only a few times in a lawyer's career." *Id.*

And importantly, where a movant's reply does not raise any new legal arguments, leave to file a surreply should be denied. *See, e.g.*, *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (district court did not abuse its discretion by denying request to file surreply because

no new arguments were raised in the reply brief); *Warrior Energy Servs. Corp.*, 551 Fed App'x at 751 n.2 (district court did not abuse its discretion in denying leave to file surreply where the party's opposition already addressed the case it sought to address in surreply); *Benefield v. Lockhart*, No. 15-0190, 2016 WL 9782113, at *1 (S.D. Miss. Aug. 1, 2016) (surreply was not warranted because the reply brief did not present any new evidence or legal arguments); *Sailboat Bay Apartments, LLC v. United States*, No. 14-2344, 2015 WL 2250114, at *7 n.2, *10 n.3 (E.D. La. May 13, 2015) (denying leave to file surreplies that did not address any new arguments in the reply or set forth issues that could not have been briefed in the original opposition); *Weems v. Hodnett*, No. 10-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) (refusing to allow surreply where motion for leave did not articulate exceptional or extraordinary circumstances).

Here, the Parish's reply brief merely responded to the arguments in Plaintiff's opposition and did not present any new evidence or legal arguments. Plaintiff's proposed surreply rehashes the arguments in its opposition, and there is nothing in it that either was not already addressed in the opposition or could not have been addressed in the opposition. Plaintiff has not identified any exceptional circumstances warranting a surreply or any reason whatsoever for a surreply other than to highlight what it sees as the salient points relevant to the Court's ruling. In other words, it wants to have the last word on the matter.

Plaintiff's proposed surreply is inappropriate and unwarranted. Terrebonne Parish Consolidated Government therefore requests that the Parish's motion for leave to file a surreply be denied.

Respectfully submitted,

/s/ *Jane A. Jackson*_____
Loulan J. Pitre, Jr., T.A. (#17749)
Jane A. Jackson (#33197)
**KELLY HART PITRE**
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Fax: (504) 522-1813
loulan.pitre@kellyhart.com
jane.jackson@kellyhart.com

***Attorneys for Defendant Terrebonne Parish Consolidated Government***